**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIRD AMENDED SCHEDULING ORDER**

Now before the Court is an amended Joint Motion to Continue Trial and Extend Deadlines (Doc. No. 453) submitted by the Government and Defendants Marielle Smith, Lasasha Johnson, and Ashley Law.   Trial in this matter is currently set on the March 2026 docket.

Defendants Smith, Johnson, and Law were each arraigned on October 16, 2024. *See* Doc. Nos. 37, 42, 52.   Defendants have each filed a written waiver of rights under the Speedy Trial Act, 18 U.S.C. § 3161.   *See* Doc. Nos. 413, 454, 456.

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a person accused of a crime is generally entitled to a trial within 70 days of the filing of the charge or the accused's appearance on that charge.   *Id*. § 3161(c)(1).   When a requested continuance would cause a violation of the statutory time limit, a court may grant the continuance only if it finds that the period of delay is excludable under a specific provision of the Act.   *Id*. § 3161(h). When, as here, a continuance is sought on the basis of the "ends of justice" under 18 U.S.C.

§ 3161(h)(7), the Court must decide whether the purpose served by granting the requested continuance outweighs the best interests of the public and the defendant to a speedy trial.

The parties represent that the requested continuance is necessary due to scheduling conflicts and to provide Defendants' counsel with sufficient time to review discovery, explore potential avenues of resolution, and prepare for trial. *See* Jt. Mot. at 6-10.

Based on the undisputed information presented, the Court determines that the ends of justice served by granting a continuance of the existing deadlines to allow Defendants adequate time to prepare for trial and accommodate counsels' scheduling conflicts outweigh the best interests of the public and Defendants to an earlier trial setting. The Court further determines that the period of delay caused by the granting of the motion is excludable for purposes of the Speedy Trial Act, under 18 U.S.C. § 3161(h)(7), on the basis that the failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court GRANTS the Joint Motion (Doc. No. 453) and, excusable neglect and good cause having been shown, ESTABLISHES the following deadlines:

| No. | EVENT | DEADLINE |
|---|---|---|
| 1 | Motion for *James* hearing. | March 6, 2026 |
| 2 | Motions pursuant to Rule 12(b)(3)(A) or (B) (defects in instituting the prosecution or in the indictment). | March 31, 2026 |
| 3 | Motions for bill of particulars. | March 31, 2026 |
| 4 | Motions to dismiss that are based on materials outside the face of the indictment. | March 31, 2026 |
| 5 | Motions to suppress or exclude evidence (including statements by defendants) or testimony as having been obtained contrary to law (including motions for *Franks* hearing). | March 31, 2026 |

| 6 | Responses to 2-5. | April 27, 2026 |
|---|---|---|
| 7 | Hearing on motions that are at issue. | To be determined by the Court. |
| 8 | Government disclosure pursuant to Rule 16(a)(1)(F) (examinations and tests). | May 11, 2026 |
| 9 | Government expert disclosure pursuant to Rule 16(a)(1)(G). | May 11, 2026 |
| 10 | Defense disclosure pursuant to Rule 16(b)(1)(B) (examinations and tests). | June 8, 2026 |
| 11 | Defense expert disclosure pursuant to Rule 16(b)(1)(C). | June 8, 2026 |
| 12 | Response to Motion for *James* hearing. | July 24, 2026 |
| 13 | Motions challenging the admissibility of expert testimony under *Daubert*/Rule 702. | July 24, 2026 |
| 14 | Responses to 13. | August 4, 2026 |
| 15 | Government to file summary of evidence (for *James* hearing purposes only) that (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. The summary will also include, as to each defendant filing a *James* motion, a compendium of the defendant's co-conspirator statements. | August 4, 2026 |
| 16 | Production by government of *Brady* or *Giglio* material not previously produced. | August 4, 2026 |
| 17 | Production by government of Jencks Act (18 U.S.C. § 3500) material not previously produced, absent further order of this Court. | August 4, 2026 |
| 18 | Hearing on *Daubert*/Rule 702 motions. | To be determined by the Court. |
| 19 | *James* hearing. | To be determined by the Court. |
| 20 | Motions in limine seeking to exclude evidence on any basis not subject to an earlier deadline, or seeking a pretrial determination that evidence is admissible. | August 12, 2026 |
| 21 | All other motions not otherwise provided for in this schedule (except motions as to which a clear showing is made that the matter could not reasonably have been anticipated prior to this deadline). | August 12, 2026 |

| 22 | Responses to 20 and 21. | August 19, 2026 |
| 23 | Proposed jury instructions and verdict form. | August 26, 2026 |
| 24 | Objections to proposed jury instructions. | September 1, 2026 |
| 25 | Trial briefs, requested voir dire, and proposed summary of the indictment. | August 26, 2026 |
| 26 | Hearing on pending motions, final pretrial conference, and preliminary conference with respect to jury instructions. | To be determined by the Court. |
| 27 | Jury trial docket. | September 8, 2026 |

The parties' previous Joint Motion to Continue (Doc. No. 411) is DENIED AS MOOT.

IT IS SO ORDERED this 5th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

4