**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. CR-24-436-G-3** |
| | ) | |
| **LANADIA LEWIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>SENTENCING MEMORANDUM</u>**

## INTRODUCTION

Defendant Lanadia Lewis ("Lewis") respectfully submits this Sentencing Memorandum in support of her request for a downward variance and a sentence of 48 months' imprisonment. While Ms. Lewis recognizes the seriousness of the offense, a sentence below the advisory Guideline range is sufficient, and not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).

Several considerations support that result. First, Ms. Lewis's offense cannot be separated from the extraordinary poverty, trauma, and instability that shaped her life from an early age. Although those circumstances do not excuse her conduct, they are highly relevant under § 3553(a) because they help explain the vulnerabilities that led to the offense conduct. Second, the record also shows meaningful signs of recovery, including mental-health treatment, educational goals, and concrete steps toward a lawful future. Finally, Ms. Lewis's Zero-Point Offender status confirms she falls within a lower-risk category and has a reduced need for incapacitation to protect the public. A 48-month sentence is sufficient

to satisfy the purposes of sentencing while still preserving a meaningful opportunity for treatment, education, and reentry preparation that will better support her lawful future.

## LEGAL FRAMEWORK

The Final Presentence Report ("PSR") calculates Ms. Lewis's advisory imprisonment range at 108 to 135 months, based on a total offense level of 31 and a criminal history category of I. Probation nevertheless expressly acknowledged that a sentence below the guideline range may be appropriate here. After all, the Guidelines are only "one factor among several" the Court must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).

In determining a sentence sufficient, but not greater than necessary, the Court must consider the factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, Ms. Lewis's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide needed educational, vocational, medical, or correctional treatment. Considered together, those factors support a downward variance to 48 months' imprisonment.

### I. Ms. Lewis's History and Characteristics Strongly Mitigate the Offense Conduct

First, Ms. Lewis's offense conduct cannot be understood apart from the deprivation, instability, and trauma that shaped her life from childhood. Raised by her mother, Linda Lewis, and without a stable father figure, Ms. Lewis endured a childhood marked by severe poverty and housing insecurity. PSR ¶¶ 59, 62. She and her mother struggled financially,

were repeatedly evicted, and at times slept in a car. PSR ¶ 62. She went without food or water "more often than not" and grew up without basic necessities. *Id.* That instability became even more profound when her mother died unexpectedly of cancer, when Ms. Lewis was just fourteen years old. PSR ¶ 59.

Ms. Lewis also grew up amid abuse and violence. When she was nine or ten years old, she was sexually abused by her own father. PSR ¶ 63. She later reported mental and emotional abuse while in foster care, witnessed domestic violence between her aunt and uncle, and endured domestic violence in her own adult relationships. PSR ¶¶ 63-65. One romantic partner was mentally and physically abusive, knocking out her tooth on one occasion; another gave her a black eye. PSR ¶¶ 64-65. In short, her history is marked not only by chronic deprivation, but also by repeated exposure to violence, both witnessed and endured. PSR ¶¶ 63-65.

Sentencing courts "exercise a wide discretion" in the information they may consider, and "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States*, 562 U.S. 476, 480 (2011) (quoting *Williams v. New York*, 337 U.S. 241, 246–47 (1949)). Ms. Lewis's upbringing and adverse childhood experiences therefore bear directly on the Court's sentencing analysis. They provide essential context for understanding her conduct and for determining what sentence is sufficient, but not greater than necessary. Contemporary research underscores that

relevance: persistent childhood financial strain can increase pathways into offending.[1] Further research shows how poverty, race, and instability leave poor Black women especially vulnerable.[2]

Of course, Ms. Lewis's childhood does not excuse her conduct. Many Americans endure poverty and trauma without ever committing crimes, and Ms. Lewis remains responsible for the choices that brought her before this Court. But § 3553(a) requires the Court to assess those choices in context—although her upbringing is not exculpatory, it is mitigating, and helps explain how a childhood defined by deprivation, loss, and abuse left Ms. Lewis more vulnerable to poor choices. For that reason, a prison sentence is warranted, but a sentence longer than necessary is not.

**II. Ms. Lewis Has Shown Signs of Recovery and Hope for a Lawful Future**

Second, although "evidence of a poor upbringing or mental health problems can play a crucial mitigating role," that evidence "is most powerful when accompanied by signs of recovery." *United States v. Gross*, 44 F.4th 1298, 1305 (10th Cir. 2022); *see also United States v. Lente*, 759 F.3d 1149, 1173 (10th Cir. 2014) (explaining that "signs of recovery" means the defendant is "seeking to correct her problematic behavior").

---

[1] Allison Kurpiel & Susan McVie, The Relationship Between Dimensionality and Duration of Household Poverty During Childhood and Onset of Youth Offending, 2025 Brit. J. Criminology 1, 1, 18–19 (finding that "persistent exposure to financial strain" is associated with early offending onset). *See* Exhibit "1".

[2] Dorothy E. Roberts, Prison, Foster Care, and the Systemic Punishment of Black Mothers, 59 UCLA L. Rev. 1474, 1476, 1480 (2012) (explaining that for many women, prison is a "culminating victimization" resulting from "multiple forms of vulnerability and violation, including domestic violence, sexual abuse, drug addiction and other health problems, and homelessness"). *See* Exhibit "2".

Here, despite profound instability, Ms. Lewis has, at various points, sought mental health treatment, accepted responsibility for her conduct, and articulated lawful goals for the future. This reflects a woman who is not "beyond hope." *Id.* at 1174.

Ms. Lewis reported inpatient mental-health treatment as a teenager and later participated in outpatient counseling twice weekly. PSR ¶ 71. While her periods of lawful employment were brief, her employer recognized that any unreliability was caused by her life circumstances and, despite it all, described her as having "a friendly disposition and a good attitude." PSR ¶ 75. She previously began classes toward finishing her GED and dreams of working in interior design. PSR ¶¶ 74, 76. These facts show not only meaningful signs of recovery, but that Ms. Lewis has not lost hope in her ability to build a lawful future.

## III. A 48-Month Sentence Is Sufficient Given Zero-Point Offender Status and Support A Lawful Future

The PSR reflects Ms. Lewis is a "Zero-Point Offender." PSR ¶ 31. The Sentencing Commission adopted that provision because offenders with zero criminal history points have "considerably lower recidivism rates than other offenders," including offenders with even one criminal history point.[3] In the Commission's data, zero-point offenders were less likely to be rearrested than one-point offenders, 26.8% compared to 42.3%.[4] Courts have likewise described zero-point offenders as among "the least dangerous defendants being sentenced." *United States v. Clown*, 2024 U.S. Dist. LEXIS 67692, at *5–6 (D.S.D. Apr. 11, 2024).

[3] U.S. Sent'g Comm'n, Amend. 821, Reason for Amendment (2023).

[4] Id.

That lower-risk profile fits Ms. Lewis. She has no criminal history points, she is not convicted of a crime of violence, and her conduct here was limited to moving drug proceeds. She therefore presents a lower risk of recidivism and a reduced need for incapacitation to protect the public. A 48-month sentence is substantial punishment. It reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. It also gives Ms. Lewis enough time to engage in substance-abuse treatment, continue working toward her GED, and participate in programming that can support lawful reentry. Once she has had time to complete that treatment and programming, additional incarceration would do little to further deterrence or protect the public.

**CONCLUSION**

For the foregoing reasons, Ms. Lewis respectfully requests that the Court impose a sentence of 48 months' imprisonment. Such a sentence is substantial, reflects the seriousness of the offense, and is sufficient, but not greater than necessary, to satisfy 18 USC § 3553(a) while preserving a meaningful opportunity for treatment, education, reentry, and a lawful future.

/s/ Peter L. Scimeca
Peter L. Scimeca, OBA No. 21805
Kylie N. Shelley, OBA No. 36252
FELLERS, SNIDER, BLANKENSHIP BAILEY & TIPPENS, PC
100 North Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 232-0621
Facsimile: (405) 235-9659
Email: pscimeca@fellerssnider.com
kshelley@fellerssnider.com
ATTORNEY FOR DEFENDANT
LANADIA LEWIS

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

*/s/ Peter L. Scimeca*

#15324:957996