IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | CRIMINAL ACTION NO. |
| V. | | 5:24-CR-436-G |
| MARIELLE SMITH | | |

## MOTION TO LIMIT GOVERNMENT
## WITNESS/AGENT TESTIMONY

Comes now, Defendant, Marielle Smith, by and through undersigned counsel, and requests that this Court limit the testimony of government witnesses and agents to only proper, admissible testimony.  In support thereof, he shows as follows:

1. **Factual Background**

Mr. Smith is charged in a multi-defendant indictment, charging him and others with conspiracy to possess with the intent to distribute controlled substances, including 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, 500

1

grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l). He has entered a not guilty plea.

The government has provided Rule 16 discovery that includes approximately 21 cell phones where alleged co-conspirators have been talking to one another, including discussions about the exchange of controlled substances. However, the government has not offered an expert witness in the area of drug lingo or someone to explain these many conversations and terminology. Counsel for Mr. Smith believes that the government will offer as a witness their agent to explain what these communications mean and may use their agent to explain the drug business to the jury.

**2.  <u>This Court should exclude improper agent testimony.</u>**

The Tenth Circuit has recognized concerns when the government uses agents as both fact witnesses and expert witnesses. Citing a Second Circuit case, the Tenth Circuit acknowledged three concerns:

> (1) the jury may infer the agent's opinion testimony about the defendant's activity is based on knowledge of the defendant beyond the evidence at trial;

> (2) the defendant's ability to cross-examine the expert/fact witness may be inhibited because a failed attempt to impeach the witness as an expert may effectively bolster his credibility as a fact witness; and

> (3) the expert may stray from the scope of his expertise and act as a summary witness which usurps the role of the jury and creates jury confusion as to whether the witness is relying on his general experience and reliable methodology or improperly on what he has learned of the case.

*United States v. Mendoza*, 236 Fed. Appx. 371, 384 (10th Cir. 2007). The Court did not adopt a rule that categorically prohibited the use of case agents as experts. The Second Circuit cautioned trial courts to vigilantly ensure a case agent's expert testimony is reliable and its probativeness is not substantially outweighed by its prejudicial effect, and the Tenth Circuit leaves the decision "to the trial judge who is attuned to the dynamics of the trial, to make the necessary 403 determination." *Id.*

In *United States v. Hawkins*, 934 F.3d 1251, 1264 (11th Cir. 2019), the Eleventh Circuit Court of Appeals held that, "a case agent testifying as a lay witness may not explain to a jury what inferences to draw from recorded conversations involving ordinary language. **At that point, his testimony is no longer evidence but becomes argument**." *Id.* (quotation omitted and emphasis added). The government's witnesses cannot "draw[] inferences from the evidence that the jury must draw (or not draw) for itself." *Id.* at 1266. The Court emphasized that opinion testimony—whether lay or expert opinion—"is not properly received merely to tell the jury what result to reach." *Id.* at 1266 (quotations and alterations omitted). The Court noted that interpreting clear statements was barred by the helpfulness requirement of Rule 701 for lay witnesses, and Rule 702 in the expert context. *Id.*

In *Hawkins*, the Court explained that it was forced to correct the error and to vacate the defendants' convictions:

> Were we to leave this plain error uncorrected, we would be suggesting to prosecutors in this circuit that overzealous presentation of improper testimony will be tolerated and to district courts that they need not be vigilant in ensuring the integrity of trials involving this type of testimony. **If such testimony were allowed, there would be no need for the jury to review personally any evidence at all. The jurors could be**

> **'helped' by a summary witness for the Government, who could not only tell them what was in the evidence but tell them what inferences to draw from it. Fundamental notions of fairness and justice forbid us from countenancing such a procedure.**

*Hawkins*, 934 F.3d at 1268–69 (quotations omitted and emphasis added).

Moreover, *Hawkins* emphasized that "the error in the admission of [an agent's] speculative interpretive testimony is clear and obvious." *Id.* at 1264; *see also United States v. Haines*, 803 F.3d 713, 734 (5th Cir. 2015) (finding testimony was admitted in error where agent "offer[ed] his own interpretation of language that was well within the province of the jury to interpret" and "ventured into speculation, usurping the jury's function, which is to draw its own inferences from the evidence presented"). Regardless of whether the agent testimony was admitted as expert or lay testimony, the testimony was improper. *Hawkins*, 934 F.3d at 1265–67 ("Put simply, it matters not how [the agent] or his testimony is classified. Expert or lay, the testimony was improper, and admitting it constituted clear and obvious error.").

Mr. Smith asks that lay witnesses be prohibited from summarizing the evidence, offering "expert opinions" on non-technical or non-scientific issues, and/or "interpreting" the plain-language statements or comments of

other individuals.  Such testimony is improper.  *See, e.g., United States v. York*, 572 F.3d 415, 423 (7th Cir. 2009) ("'Interpretations' of unambiguous words or phrases that are plainly within the jury's understanding . . . would not assist the trier of fact to understand the evidence or to determine a fact in issue . . . . Instead, they would merely put an expert gloss on a conclusion the jury should draw.").  The jury should be presented with the evidence—including statements—and permitted to draw its own conclusions, without the government's case agent or other law enforcement witnesses testifying as to what those conclusions should be.

### 3.  <u>Conclusion</u>

Mr. Smiths asks that the Court prevent the government witnesses who are not tendered as expert witnesses from testifying about the meaning of ordinary language or from providing summary testimony about the contents of voluminous evidence.

Dated: This 31st day of March, 2026.

Respectfully submitted,

*/s/ Josh D. Moore*
Josh D. Moore, GA Bar No. 520028
*Admitted Pro Hac Vice*
Federal Defender Program, Inc. (N.D. Ga.)

Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, GA 30303
Phone: (404) 688-7530
Fax: (404) 688-0768
Josh_Moore@FD.org

*/s/ Kelyn J. Smith*
Kelyn J. Smith, IL Bar No. 6333376
*Admitted Pro Hac Vice*
Federal Defender Program, Inc. (N.D. Ga.)
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, GA 30303
Phone: (404) 688-7530
Fax: (404) 688-0768
Kelyn_Smith@FD.org

*/s/ Edward M. Blau*
Edward M. Blau, #20626
*Local Counsel*
Blau Law Firm PLLC
101 Park Ave., Suite 600 Oklahoma City,
OK 73102 Phone: (405) 232-2528
Fax: (405) 232-2532
edblau@blaulawfirm.com

**Attorneys for Marielle Smith**