IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:24-CR-00436 |
| v. | |
| MARIELLE TRAMANIE SMITH, | |
| ET AL | |

**MOTION TO SUPPRESS
DISCLOSED STATEMENTS TO LAW ENFORCEMENT AND
TO DISCLOSE ANY ADDITIONAL STATEMENTS**

COMES NOW, the Defendant Marielle Smith, by and through undersigned counsel, and hereby respectfully moves this court to order the Government to disclose any and all of his purported statements in its possession pursuant to Rule 16(a)(1)(A) and (B) and also to suppress the oral statements he is alleged to have made during the course of his arrest by federal agents on October 16, 2024. This motion is predicated on the requirements of Rule 16 as well as Mr. Smith's constitutional rights under the Fifth and Fourth Amendments to the United States Constitution and any relevant jurisprudential authority.

In support of this motion, counsel states as follows:

1. Mr. Smith was arrested in connection with the above-captioned

indictment on October 16, 2024, while already in the custody of the Oklahoma Department of Corrections serving a state sentence on an unrelated case. Federal and state law enforcement officers placed him in handcuffs "without incident" on that date during a "cell extraction" from Cell AA of "housing H unit NE" at the Oklahoma State Penitentiary in McAlester, Oklahoma.

2. DEA Task force officer Nathan Douglas allegedly showed Mr. Smith the federal warrant ordering his arrest shortly after he was handcuffed and informed him that he was being transported to the federal courthouse in Oklahoma City. There can be no question that at all times during his interactions with the arresting officers, both during the formal arrest as well as transport to the courthouse for legal proceedings, Mr. Smith was plainly in custody and was not free to leave.

3. Mr. Smith was subjected to interrogation, or its functional equivalent, by the law enforcement officers he encountered that day. *See Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980) ("conclud[ing] that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning *or its functional equivalent*"). The

Tenth Circuit has "recognized that it was the premise of *Miranda* that the danger of coercion results from the interaction of custody and official interrogation." *United States v. Cook*, 599 F.3d 1208, 1214 (10th Cir. 2010). Mr. Smith allegedly made numerous statements to law enforcement that were predictably elicited, in one way or another, by the officers' calculated words and conduct, which ultimately under these circumstances amounted to the "functional equivalent" of interrogation. And yet there is no indication whatsoever in the reports provided to the defense that Mr. Smith was ever advised of his constitutional rights to remain silent or to consult with counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The unexplained decision not to advise Mr. Smith of his *Miranda* rights appears to have been a calculated one designed to result in potentially incriminatory statements or confessions.

4.   Because these statements were the product of the equivalent of a custodial interrogation without any advisement, much less waiver, of Mr. Smith's constitutional rights, they must be suppressed. *See United States v. Bautista*, 145 F.3d 1140, 1146 (10th Cir. 1998) (holding that "[o]nly if there is a voluntary, knowing, and intelligent waiver of [*Miranda*] rights can authorities question a suspect without counsel being present and introduce

at trial in the case-in-chief any statements made during the interrogation").

5. The government has the burden to show that Mr. Smith knowingly and voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) before being subjected to the functional equivalent of interrogation.

6. Moreover, any statements made by Mr. Smith to law enforcement in response to an overwhelming show of authority were not voluntarily rendered. It is well established that prior to introducing any custodial statement attributed to a defendant, the burden is on the Government to demonstrate that such a statement was made freely and voluntarily. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1969). A criminal defendant is deprived of due process if his conviction rests in full or in part upon an involuntary confession. *See id.; Martinez v. Estelle*, 612 F.2d 173, 176 77 (5th Cir. 1980).

7. Where, as here, appropriately raised by a "motion or objection before or during trial," a hearing must be held to evaluate the voluntariness of any statement allegedly made by the accused. *See United States v. Hart*, 729 F.2d 662, 666 (10th Cir. 1984) (concluding that a hearing may not be required

if the defendant does not raise the issue of voluntariness). A court's finding that a confession is voluntary "must appear from the record with unmistakable clarity." *Sims v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967).

8.      Mr. Smith further places on the record here for purposes of this request for a hearing that the statements he allegedly made to arresting officers on October 16, 2024, are the only statements he has been made aware of by the Government through the discovery process. The Government is required by Rule 16(a)(1)(A) and (B) to produce any statements of the defendant in its possession. Mr. Smith reserves the right to move to exclude at trial or seek suppression of any purported statements that have not been disclosed.

WHEREFORE, for these and any other such reasons as may appear to this Court upon a full hearing of the claims raised in this motion, Mr. Smith respectfully demands a hearing to determine the voluntariness of Defendant's statements and to determine whether he knowingly and voluntarily waived his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to have counsel present during a custodial interrogation. *See United States v. Henry*, 604 F.2d 908 (5th

Cir. 1979); *Oregon v. Mathiason*, 429 U.S. 492 (1977).

Dated:   This 31st day of March, 2026.

Respectfully Submitted,

*/s/ Josh D. Moore*
JOSH D. MOORE
GEORGIA BAR NO. 520028 (*Admitted Pro Hac Vice*)
ATTORNEY FOR MR. SMITH

*/s/ Kelyn J. Smith*
KELYN J. SMITH
ILLINOIS BAR NO. 6333376 (*Admitted Pro Hac Vice*)
ATTORNEY FOR MR. SMITH

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Josh_Moore@FD.org
Kelyn_Smith@FD.org

*/s/ Edward M. Blau*
EDWARD M. BLAU, #20626 (*Local Counsel*)
ATTORNEY FOR MR. SMITH
Blau Law Firm PLLC
101 Park Ave., Suite 600
Oklahoma City, OK 73102
Phone: (405) 232-2528
Fax: (405) 232-2532
edblau@blaulawfirm.com