**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES' MOTION TO PRECLUDE**
**EXPERT WITNESS TESTIMONY AND/OR *DAUBERT* MOTION**

The United States hereby moves the Court to: (1) Exclude Defendant's proffered expert witness Matthew Greimel from testifying at trial; (2) In the alternative, to conduct a *Daubert* hearing to permit voir dire of the defendant's proffered expert; and /or (3) to preclude Mr. Greimel from testifying regarding improper topics and/or topics on which he is not qualified as an expert.

## I. Background

On October 1, 2024, a federal grand jury returned an Indictment charging Marielle Smith, among others, with a drug conspiracy in violation of 21 U.S.C. § 846. It is alleged that Mr. Smith, despite being incarcerated, operated an extensive drug-trafficking organization (Smith DTO) using contraband cell phones from September 2021 through October 16, 2024. (*See* Doc. 683.) In general, Mr. Smith directed members of the DTO to pick up drugs

in other states, transport the drugs to Oklahoma and, eventually, distribute them. After the drugs were sold, members of the Smith DTO transferred the drug proceeds to other coconspirators for further use by the organization.

## II. Argument

On June 22, 2026, Mr. Smith filed his Notice of Expert Witness for retired DEA Agent Matthew Greimel. (Doc. 638.) Mr. Greimel, who retired from the DEA in approximately 2018, has proposed to testify regarding the following topics: (1) the formation of drug trafficking organizations; (2) the hierarchical structure of such organizations; (3) operational practices of such organizations; (4) the standard operating procedures and policies utilized by the DEA and law enforcement agencies; and (5) "may offer opinions regarding flaws and infirmities in investigative processes utilized by the DEA and other law enforcement agencies in this case."

Because the notice is deficient, Mr. Greimel should be precluded from testifying as an expert at trial. In the event Mr. Smith supplements the expert notice, the United States nonetheless requests that the Court hold a *Daubert* hearing to conduct voir dire of Mr. Greimel and preclude Mr. Greimel from testifying regarding topics on which he is not qualified an expert, or which are otherwise impermissible.

### a. Mr. Smith's Expert Notice is Deficient

Fed. R. Cr. P. 16(b)(1)(C) instructs that the defendant must provide a written disclosure that describes their proffered expert witness testimony. Specifically, the disclosure must include: (1) a ***complete statement*** of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; and (2) the bases and reasons for them. This rule, amended in 2022 to require a "complete statement" rather than merely a written summary, was specifically designed to address the lack of adequate specificity which, under prior versions of the rule, was perceived to undermine the purpose of expert disclosures by both the government and the defense. In short, it is no longer sufficient to provide a vague summary of an expert witness's anticipated testimony. Rather, a complete statement of the actual opinions that will be offered is required.[1]

Considering this amendment, Courts have faithfully required the proponent of expert testimony to provide a complete statement of the actual opinions that the expert is being called to provide. For example, in *United States v. Clinesmith*, No. 23-20063-01-DC, 2025 WL 2884427, at *4 (D. Kan.

---

[1] In reality, the requirement that expert notices include disclosure of the actual opinions, not simply topics, was the law prior to the 2022 amendments. *See, e.g. United States v. Duvall*, 272 F.3d 825, 282 (7th Cir. 2001) (the Government's expert notice was deficient because it provided topics, not actual opinions). However, any doubts about the rigor required by an expert notice were conclusively dispelled by those amendments.

Oct. 9, 2025), the district court ultimately excluded a defense expert because the defense only ever provided *topics* of testimony, despite multiple opportunities to remedy the defects. Because the defendant never provided a statement of opinions, much less the ***complete*** statement required by Rule 16, the district court excluded the proposed expert testimony.

Similarly, in *United States v. Mendoza*, No. 25-CR-62-MIS, 2025 WL 276264 (D.N.M. Jan. 22, 2025), the defense's expert notice included general topics like "law enforcement officers' duty to intervene," the "duty to provide medical care to an individual after the taser has been deployed" and the "lack of training" provided by the police department to the defendant. *Id.* at *2. The government objected to those kinds of general descriptions on the basis that the notice did not provide the required complete statement of actual opinions. The district court agreed that the notice was deficient and that the entirety of the proposed testimony could have been excluded on that basis alone. *Id.* The court nevertheless did allow some testimony on limited topics after conducting its *Daubert* review.

Turning to the notice here, because it is deficient on its face, the Court has the authority to exclude the entirety of Mr. Greimel's proposed testimony. The United States requests that the Court exclude Mr. Greimel's testimony

absent Mr. Smith providing a prompt and complete disclosure as required by Rule 16.[2]

**b. Mr. Greimel's proposed testimony about the structure and practices of drug trafficking organizations may not be admissible**

The first three general topics identified by the Notice appear to relate to the structure and practices of drug trafficking organizations. As the Court is aware, it is tasked with performing a gatekeeping function with respect to proposed expert testimony under *Daubert*, *Kumho Tire* and other established precedent. The familiar rubric is set forth in Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue
>
> b) the testimony is based on sufficient facts or data;
>
> c) the testimony is the product of reliable principles and methods; and
>
> d) the expert has reliably applied the principles and methods to the facts of the case.

[2] On July 15, 2026, counsel for the United States requested that Mr. Smith supplement his expert notice to address the deficiencies noted herein. As of the date of this motion, no supplementation has been provided, but undersigned counsel understands there are significant mitigating circumstances and that it is possible, even likely, that the notice will be supplemented prior to any *Daubert* hearing. However, to comply with the Court-imposed deadline, the United States submits this filing.

The Government acknowledges that Mr. Greimel appears to have substantial experience with the DEA, despite not having been employed by the agency since 2018. Accordingly, it is *possible* that Mr. Greimel is qualified to testify about how drug trafficking organizations are structured and how they operate. The United States also acknowledges that testimony regarding such subjects is generally permitted under Tenth Circuit precedent. *See, e.g. United States v. McDonald*, 933 F.2d 1519 (10th Cir. 1991) (allowing testimony about how crack cocaine is distributed, including amounts, tools of the trade and other topics); *United States v. Barbee*, 968 F.2d 1026, 1032 (10th Cir. 1992) (allowing expert testimony of an agent's opinion that the defendants were engaged in drug trafficking based on evidence recovered from a hotel room including the packaging of the cocaine, the types of weapons found, hotel receipts and long distance telephone call activity); *United States v. Gil*, 58 F.3d 1414 (9th Cir. 1995) (allowing expert testimony regarding methods used by drug traffickers to avoid detection by police).

Nevertheless, there are limits on such testimony, such as the overarching concern that the expert testimony does not invade the province of the jury. Indeed, Federal Rule of 704(b) precludes an expert from opining about whether a defendant did or did not have the required mental state to commit the crime. For instance, in *United States v. Medina-Copete*, 757 F.3d 1092, 1105-06 (10th Cir. 2014), the court found that it was error to permit

government expert testimony about so-called Santa Muerte shrines and their connection to drug trafficking. However, the government's expert's testimony that in his training and experience, he had never seen a blind mule courier was appropriate because it was based on what he had seen in prior drug cases and the expert never directly opined on the actual defendant's state of mind.

Here, the Government is substantially hamstrung by the fact that Mr. Greimel's notice fails to identify even a single opinion he intends to offer. It may be that what he proposes to testify about is admissible when analyzed under Rule 702. However, it is equally likely that the proposed testimony is either not well founded under Rule 702 or crosses the line into prohibited territory. If and when Mr. Smith provides a proper notice, the Government can address it as necessary either through supplemental briefing or at a *Daubert* hearing. However, the defense has the burden of demonstrating the admissibility of their proposed expert testimony. At this point, in light of their deficient notice, they have failed to carry that burden.

**c. Mr. Greimel's proposed testimony about the operating policies and procedures of the DEA (other law enforcement agencies) and potential investigative flaws may be inadmissible**

Similar to the topics discussed above, it is currently not possible for the Government (or the Court) to conduct any *Daubert* analysis for the simple reason that Mr. Greimel's actual opinions have not been identified. However,

on its face, there is a legion of potential infirmities. Although Mr. Greimel worked for the DEA, he purports to be an expert regarding the "operating procedures and policies" of the "DEA and *law enforcement agencies*." His qualifications to testify about organizations other than the DEA have never been established. Similarly, his proposal to testify about "flaws or infirmities" in the investigative processes covers both DEA and other law enforcement agencies. In addition to never specifying what "flaw or infirmities" he has identified, his bases for those opinions, and how he reached them, there is the same foundational question about his expertise in anything outside of the DEA and whether the fact that he has not been employed by any agency for almost eight years renders him unqualified to offer certain opinions. Although it is *possible* there may be specific opinions within these general topics that could pass muster under Rule 702 and *Daubert*, any further analysis is simply futile because of the deficient notice.

## III. Conclusion

For reasons set forth above, the Court should exclude Mr. Greimel's proposed expert testimony in its entirety, or in the alternative, order the Defendant to provide a sufficient expert notice and hold a *Daubert* hearing once

he has provided the required "complete statement" of Mr. Greimel's actual opinions.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/Thomas B. Snyder*
Thomas B. Snyder (OBA 31428)
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8736 (Office)
thomas.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants of record.

*s/ Thomas B. Snyder*
Thomas B. Snyder
Assistant United States Attorney