**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARIELLE TRAMANIE SMITH, et al.**<br><br>**Defendant.** | **Case No. 5:24-cr-00436-G** |

**<u>RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO PRECLUDE EXPERT WITNESS TESTIMONY AND/OR *DAUBERT* MOTION</u>**

Marielle Tramanie Smith, by and through undersigned counsel, provides the following response in opposition to the government's Motion to Preclude Expert Witness Testimony and/or Daubert Motion. (Doc. No. 687). Because Matthew C. Greimel's anticipated expert testimony need not be provided in opinion form to comply with notice requirements of Fed. R. Crim. P. 16(b) or constitute expert testimony pursuant Fed. R. Evid. 702, the motion must be denied. The government does not challenge Mr. Greimel's scientific, technical or specialized knowledge or qualifications, and therefore, fails to identify a legal basis to exclude via *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993). Finally, the parties' continuing duty to disclose renders premature the government's requests for relief. Accordingly, the Court should deny the motion.

BACKGROUND

On May 11, 2026, the government filed a Notice of Expert Witness, "provid[ing] notice of its intention to introduce *potential* expert witness testimony from …. Timothy Spratt … a Task Force Officer with the Drug Enforcement Administration … and Detective Sergeant with the McClain County Sheriff's Office …." (Doc. No. 596 at 1 (emphasis added)). The government's notice further stated that it anticipated officer Spratt would testify to the following:

> The patterns and practices of drug trafficking organizations, including the methods employed by organizations to transport loads of drugs across the United States, including using interstate highways….
>
> The patterns and practices employed by drug dealers who are incarcerated—specifically, that incarcerated drug dealers commonly (1) use contraband cellphones to coordinate drug transactions, and (2) utilize non-incarcerated individuals to execute drug transactions and pickups on their behalf….

(*Id.* at 2, 4).

On June 22, 2026, the defense filed a Notice of Expert Witness providing "notice of [Mr. Smith's] intention to introduce expert witness testimony from Matthew C. Greimel, retired Supervisory Special Agent with the Drug Enforcement Administration." (Doc. No. 638 at 1). This notice specified that Mr. Greimel would be called to "testify as to the formation of drug-trafficking organizations, the hierarchical structure of such organizations, [] operational practices of such organizations" and "in addition, . . . the standard operating procedures and policies utilized by the DEA and law enforcement agencies." *Id.*

The notice concluded that Mr. Greimel "may offer opinions regarding flaws and infirmities in investigative processes utilized by the DEA and other law enforcement agencies in this case." *Id.*

Neither party has yet supplemented their respective Notices of Expert Witness. On July 15, 2026, counsel for the government requested supplementation of the defense's Notice of Expert Witness.

## ARGUMENT

The notice of expert testimony of Mr. Greimel shares significant similarities to that submitted by the government for Officer Spratt. *Compare* (Doc. No. 596 at 2 ("patterns and practices of drug-trafficking organizations")), *with* (Doc. No. 638 at 1 ("formation of drug-trafficking organizations, the hierarchical structure of such organizations, and operational practices of such organizations")). Nonetheless, the government states that Mr. Smith's notice "is deficient on its face" and requests the Court to exclude Mr. Greimel's testimony in its entirety. (*See* Doc. No. 687 at 2–5). No where in the motion does the government identify the facial deficiencies within the notice. Instead, the government purports a failure to provide "actual *opinions*" offered by Mr. Greimel. (*Id.* at 3–4, 7 (emphasis added)).

However, no such requirement exists. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion *or otherwise* . . . ." Fed. R. Evid. 702 (emphasis added). The

assumption that Mr. Greimel's expert notice—and any subsequent expert testimony to follow—*requires* an expert opinion "is logically unfounded." Fed. R. Evid. 702 Advisory Notes. As best explained by the Ninth Circuit:

> [T]he admission of expert testimony, the issue involved here, and the admission of a specific expert opinion are separate determinations. Under the federal rules, an expert 'may testify ... in the form of an opinion *or otherwise*.' Fed.R.Evid. 702 (emphasis added). Thus, not every expert need express, nor even hold, an opinion with regard to the issues involved in a trial. . . . Thus, the decision whether to admit expert testimony does not rest upon the existence or strength of an expert's opinion. Rather, the key concern is whether expert testimony will assist the trier of fact in drawing its own conclusion as to a 'fact in issue.'

*United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993).

Accordingly, the Tenth Circuit routinely allows parties to present expert testimony beyond opinion form. *E.g.*, *United States v. Batton*, 602 F.3d 1191, 1200–02 (10th Cir. 2010) (affirming trial court's allowance of expert, non-opinion testimony about the characteristics of sex offenders and their victims). The only perceptible issue raised by the government on this front—that Mr. Greimel's notice includes no specific expert opinion—is illusory. *See, e.g., United States v. Johnson*, No. 16-CR-457-1 (NGG), 2017 WL 11490479, at *2 (E.D.N.Y. Aug. 4, 2017) ("[T]he Government's argument that DeRosa will not provide expert testimony because he will offer no "opinions" mistakenly assumes that all expert testimony must take the form of opinion testimony.").

Furthermore, the motion fails to implicate *Daubert v. Merrell Dow Pharms., Inc.*, *509 U.S. 579* (1993). The government states that Mr. Greimel's

testimony regarding the structure and practices of drug trafficking organizations "*may* not be admissible." (Doc. No. 596 at 5 (emphasis added)). In doing so, the government concedes that Mr. Greimel "appears to have substantial experience with the DEA" and acknowledges the breadth of testimony that such experts are generally permitted to cover. (*Id.* at 6). The only example of a category of evidence provided that Mr. Greimel would not be able to present testimony on is that of a defendant's mental state, which is neither mentioned nor contemplated by Mr. Greimel's notice. (*See* Doc. No. 638).

Undersigned counsel acknowledges the continuing duty of all parties to supplement expert disclosures pursuant to Fed. R. Crim. P. 16(c). Significant discovery has and is being produced contemporaneous with the instant response. (*See* Doc. 457 at 3). *None* of the cases cited by the government support the exclusion of Mr. Greimel on the basis of Fed. R. Crim. P. 16 at this juncture. *See, e.g., United States v. Clinesmith*, No. 23-20063-01-DDC, 2025 WL 2884427, at *1 (D. Kan. Oct. 9, 2025) (granting a motion to exclude expert where "the court finds itself nearing the end of trial, and the government still doesn't have a Rule-16-complaint disclosure."); *see also* W.D. Okla. Gen. Order 23-2. Mr. Smith intends to provide a supplemental disclosure notifying the government of any additional testimony or opinions offered by Mr. Greimel.

Dated: This 4th day of August, 2026.

Respectfully submitted,

*/s/ Kelyn J. Smith*
Kelyn J. Smith, IL Bar No. 6333376
*Admitted Pro Hac Vice*

Josh D. Moore, GA Bar No. 520028
*Admitted Pro Hac Vice*

Federal Defender Program, Inc. (N.D. Ga.)
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, GA 30303
Phone: (404) 688-7530
Fax: (404) 688-0768
Kelyn_Smith@FD.org
Josh_Moore@FD.org

Edward M. Blau, #20626
*Local Counsel*
Blau Law Firm PLLC
101 Park Ave., Suite 600
Oklahoma City, OK 73102
Phone: (405) 232-2528
Fax: (405) 232-2532
edblau@blaulawfirm.com

**Attorneys for Marielle Tramanie Smith**