**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* SEEKING EXCLUSION OF IMPROPER IMPEACHMENT EVIDENCE AT TRIAL**

The United States moves for an order excluding Defendant Marielle Smith from publishing or introducing law enforcement agent reports for the purpose of impeaching testifying co-conspirators at trial. During this investigation, law enforcement officers prepared numerous reports summarizing interviews with prospective witnesses, including certain co-conspirators whom the government anticipates will testify at trial.

In the event a witness offers testimony which differs from the contents of a law enforcement report summarizing a prior interview with the witness, Mr. Smith should be precluded from publishing or introducing the contents of the interview report as a prior inconsistent statement pursuant to Fed. R. Evid. 613(b). Indeed, it is well settled that the interview reports are not prior statements of a witness unless they contain a verbatim recitation of the

witness's statement or are signed or otherwise adopted by the witness. *See, e.g., Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976); *United States v. Merida*, 765 F.2d 1205, 1215 (5th Cir. 1985) (finding that reports summarizing interviews between law enforcement agents and witnesses were not Jencks statements because they "did not contain substantially verbatim recitals" and that "[n]othing in the reports . . . indicate that the witnesses 'signed or otherwise adopted' them").

Consequently, "unless the witness has subscribed to or otherwise adopted the statement as [their] own," defense counsel should be precluded from introducing or publishing the relevant interview reports to impeach the witness. *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993); *see United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it."); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"). Indeed, as the Supreme Court reasoned in *Palermo*, it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations and interpolations." *Palermo v.*

*United States*, 360 U.S. 343, 349−52 (1959).

While Mr. Smith is certainly permitted to ask a testifying co-conspirator whether he or she made a statement reflected in an agent's report, the government requests that the Court enter an order prohibiting Mr. Smith from introducing or publishing extrinsic law enforcement agent reports for the purpose of impeaching testifying co-coconspirators at trial.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

<u>*s/ Stephen Hoch*</u>
STEPHEN HOCH (OBA 35133)
Assistant United States Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700
stephen.hoch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing for all ECF registrants in this matter.

*s/ Stephen Hoch*
Assistant United States Attorney