IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIELLE TRAMANIE SMITH | CRIMINAL ACTION NO.<br>5:24-CR-436-G-1 |

**UNOPPOSED MOTION FOR BRIEF CONTINUANCE OF TRIAL AND DEMAND FOR A PROMPT HEARING TO RESOLVE ALL OUTSTANDING DISCOVERY AND *BRADY* MATTERS**

COMES NOW undersigned counsel on behalf of the defendant Marielle Smith and seeks a brief trial continuance and a prompt hearing to resolve the many outstanding, complex discovery and *Brady* disputes that have arisen in this case. This motion is made pursuant to Mr. Smith's constitutional rights to compulsory process and a fair trial under the Fifth and Sixth Amendments to the United States Constitution as well as his right to confront witnesses called against him by the prosecution.

In support of this motion, counsel states as follows:

On June 18, after extensive and protracted consultation with opposing counsel pursuant to the local rules, a 24-page motion was filed with this court and served on the government seeking disclosure of a very

large amount of evidence and information necessary to prepare this case for trial. [Docs. 635 and 643] In that motion, undersigned counsel noted that he "and the government have conferred and agreed that, in view of the impending trial date in this matter, a hearing on the discovery issues raised in this motion should be set for early July so the parties may be heard and so that the Court's order can be effectuated in a timely manner."

A hearing on this motion, among other pending matters, was convened on August 10, 2026, where the Court heard extensive arguments regarding the withheld evidence in this case from both parties and also received *ex parte* information and argument from both the defense and the government concerning their respective positions. [Doc. 700] Although this Court did dispose of several motions by orders issued after that hearing, none of the contested and material disclosure issues have yet been resolved. Since the August 10 hearing was concluded, the defense has filed an additional substantial *Brady* demand based on new information received on August 17 [Doc. 719] and also needed to file a further supplement to the pending *Brady* and Discovery motion on August 21. [Doc. 724] All of these

matters a crucial for preparation for trial and need to be addressed at the earliest moment practicable for this Court.

Additionally, numerous *ex parte* requests for trial and Rule 17 subpoenas have been presented to the Court, all but one of which remain unresolved at the present time. [Docs. 664-673, 709-717] These requested subpoenas are expected to require time to comply with and may also necessitate significant follow-up and review by defense counsel prior to formulating a final defense theory and presenting evidence and argument to a jury for reasons that have been set forth on an *ex parte* record.

The trial of this case is currently scheduled to commence in approximately two weeks. It is undersigned counsel's carefully considered view that it will not be possible for the defense team to meet its constitutional obligation to provide Mr. Smith with effective assistance of counsel on the current timeline. The defense, in short, is not, and cannot reasonably be, prepared for a trial commencing on September 8. The non-disclosed evidence and information requested on multiple fronts is necessary in order for Mr. Smith to be able to exercise his constitutional right to confront the considerable evidence and witnesses marshalled

against him as well as his Sixth Amendment right to present a defense against the very serious charge pending against him that could possibly result in a life sentence.

As relates to material evidence currently within the government's files that has been withheld from the defense based upon vague assertions of ambiguous privileges of secrecy, Mr. Smith again sounds a note of caution here observing that the United States Supreme Court has suggested that

> the Government can invoke its evidentiary privileges only at the price of letting the defendant go free. The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of *anything which might be material to his defense*.

*Jencks v. United States*, 353 U.S. 657, 671 (1957) (emphasis supplied). Based on the *ex parte* explanations offered here, there can be no reasonable question that this threshold standard has been met.

With respect to his efforts to access material evidence through lawful channels and means other than the prosecution, Mr. Smith notes simply

that "[t]he right of an accused to have compulsory process… stands on no lesser footing than the other Sixth Amendment rights." *Washington v. Texas*, 388 U.S. 14, 18 (1967). In weighing appellate claims for reversal based on "a violation of the right to compulsory process," the Tenth Circuit has previously counselled that "[e]vidence is material if its suppression *might* have affected the trial's outcome." *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) (*citing United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982) emphasis supplied). A continuance is necessary here, in other words, at the risk of injecting reversible error, in order to ensure that evidence and testimony may be accessed that might affect the outcome of this trial.

The defense has discussed this request with opposing counsel and been authorized to inform this Court that the government takes no formal position as to the necessity of a continuance but stands ready for trial. For the convenience of this Court, the parties have also conferred as to the selection of a practical trial date (contingent, of course, on the prompt resolution of the matters mentioned herein) and agreed that the December trial calendar would be a workable option with jury selection to begin on Tuesday, December 1st or Wednesday, December 2nd.

**Local Rule 12.1(f) Requirements**

In accordance with the requirements of the local rules, undersigned counsel states as follows:

1. The original indictment was returned in this matter on October 1, 2024, [Doc. 1] and Mr. Smith was arraigned on October 16, 2024 and a jury trial set for December 3, 2024. [Doc. 37] A superseding indictment was filed on July 22, 2026, [Doc. 683] and Mr. Smith was arraigned on that indictment on August 10, 2026. [Doc. 700]

2. Without the requested continuance, trial would commence on September 8, 2026.

3. On November 25, 2024, the Court granted a Joint Motion to Continue Trial and Extend Motions Deadlines [Doc. 170] and moved the case to the October 2025 jury trial docket. [Doc. 183] In June of 2025, a second joint motion to continue was filed [Doc. 270] and granted moving the case to the March 2026 jury trial docket. [Doc. 321] In March of 2026 another joint motion to continue was filed, [Doc. 453] and that motion was granted moving the case to the September 2026 trial docket. [Doc. 457] A speedy trial waiver was filed at that time by Mr. Smith on March 5, 2026.

[Doc. 458] This Court has consistently found that the periods of delay were excludable under the Speedy Trial Act.

4. Undersigned counsel submits that the brief period of delay requested herein is likewise excludable under the Speedy Trial Act.

5. The specific reasons for the requested continuance have been laid out in the paragraphs above and is necessary in the interest of justice.

6. As discussed previously, opposing counsel takes no position as to the merits of the continuance request. It is undersigned counsel's understanding that all other co-defendants charged in this indictment have now reached a plea agreement with the government.

7. Undersigned counsel respectfully submits that all remaining filing deadlines should be extended to reflect a trial date of December 1, 2026, absent request for further leave from either party based on further evidentiary development.

WHEREFORE, for these and any other such reasons as may appear to the Court, Mr. Smith respectfully requests that the trial of this matter be continued from the September trial calendar to the December calendar, with jury selection to commence on December 1st or 2nd, 2026. Mr. Smith

also urges this Court to set all outstanding matters relating to discovery, *Brady*, and other steps necessary to access material evidence for a final hearing during the week of September 6 with all disputed areas to be resolved by final order no later than the end of September so that no further delay will be necessary.

Dated: This 25th day of August, 2026.

Respectfully Submitted,

*/s/ Josh D. Moore*
JOSH D. MOORE
GEORGIA BAR NO. 520028 (*Admitted Pro Hac Vice)*
ATTORNEY FOR MR. SMITH

*/s/ Kelyn J. Smith*
KELYN J. SMITH
ILLINOIS BAR NO. 6333376 (*Admitted Pro Hac Vice)*
ATTORNEY FOR MR. SMITH

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Josh_Moore@FD.org
Kelyn_Smith@FD.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was submitted to the Clerk of Court for filing and service on all parties involved via the CM/ECF system.

/s/ Josh D. Moore

/s/ Kelyn J. Smith