IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIELLE TRAMANIE SMITH | CRIMINAL ACTION NO.<br>5:24-CR-436-G-1 |

**JOINT REQUEST FOR AN IMMEDIATE**
**HEARING TO RESOLVE ALL OUTSTANDING MATTERS**

COMES NOW the defendant Marielle Smith, by and through counsel and in conjunction with opposing counsel, and respectfully renews the request that a hearing date be set in the above-captioned matter as soon as possible so that no further delay of the trial will be needed. Opposing counsel, AUSA Hoch, has been consulted and joins in this request. Defense counsel also hereby notifies this Court and opposing counsel that Mr. Smith does not intend to waive any further rights to a speedy trial that he may retain pursuant to law.

In support of this motion, counsel states as follows:

This matter was most recently scheduled for a jury trial to commence on September 8, 2026. On August 25, undersigned counsel reluctantly moved for a “brief continuance” of the trial, explaining that it

would "not be possible for the defense team to meet its constitutional obligation to provide Mr. Smith with effective assistance of counsel on the current timeline." [Doc. 726 at p.3] Counsel explained that the government had refused to disclose a substantial amount of evidence in its possession necessary to present an effective defense and that the Court had failed to rule on defense motions to compel and also that more than a dozen requests for the issuance of critical *ex parte* subpoenas had been pending with the Court for weeks. None of these factors contributing to the delay in this case can fairly be attributed to Mr. Smith for speedy trial purposes.

In consultation with opposing counsel, the filed continuance motion "urge[d]" the Court to set these matters down for a hearing "during the week of September 6." [Id. at 8] To date, no hearing has been scheduled. As previously explained, the requested subpoenas are expected to require significant time to comply with; they also may precipitate motions to quash that will need to be addressed in a timely manner before the case can reasonably proceed to trial. Compelled disclosure of certain information, either by the government or else by non-party entities, may necessitate additional investigation or follow-up in order to yield

admissible evidence or testimony. Undersigned counsel are gravely concerned that without immediate action on these pending matters and without being afforded a meaningful opportunity to be heard as to matters that have arisen since the last hearing date, the currently scheduled trial date may once again be placed in jeopardy.

Counsel are preparing this case for trial with all possible diligence and with the anticipation of commencing jury selection on December 1, but it has become clear that a large portion of the work that needs to be done cannot be undertaken without the support and intervention of this Court. It is impermissible and "intolerable" that Mr. Smith should be forced to choose between the exercise of two constitutional rights. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) ("find[ing] it intolerable that one constitutional right should have to be surrendered in order to assert another"). And yet the present state of affairs presents the prospect of just such an untenable situation where Mr. Smith may be forced to surrender his statutory and constitutional rights to a speedy trial in order to assert his right to present a defense and confront the evidence against him through cross-examination and compulsory process. In other words,

Mr. Smith may be forced to proceed to trial without the tools he needs to defend himself. Such an eventuality would clearly serve no one's interests, and all reasonable measures must therefore be taken to avoid it. It is respectfully suggested that the first and most obvious of such measures would be to convene a hearing and dispose of all outstanding matters as soon as practicable.

WHEREFORE, for these and any other reasons as may appear to this Court, Mr. Smith requests a hearing date and that all pending matters be disposed of as soon as possible.

Dated: This 11th day of September 2026.

Respectfully Submitted,

*/s/ Josh D. Moore*
JOSH D. MOORE
GEORGIA BAR NO. 520028 (*Admitted Pro Hac Vice)*
ATTORNEY FOR MR. SMITH

*/s/ Kelyn J. Smith*
KELYN J. SMITH
ILLINOIS BAR NO. 6333376 (*Admitted Pro Hac Vice)*
ATTORNEY FOR MR. SMITH

Federal Defender Program, Inc.
101 Marietta Street, NW, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Josh_Moore@FD.org
Kelyn_Smith@FD.org

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was submitted to the Clerk of Court for filing and service on all parties involved via the CM/ECF system.

/s/ Josh D. Moore

/s/ Kelyn J. Smith