**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:24-CR-00436-002-G |
| | ) | |
| LASHASHA JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LASHASHA JOHNSON'S REQUEST FOR <u>RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3143(a)(2)(B)</u>**

A Change of Plea Hearing in this case has been set for September 15, 2026, at 11:00 a.m. before this Honorable Court. The Court has also received, as of September 11, 2026, a Release Status Report from the United States Probation Office, which points out to the Court that, pursuant to the statute, this case appears to require mandatory detention, and respectfully recommends that the Defendant be detained.

The Court is encouraged to consider the significant changes that have been made in Ms. Johnson's life.

It is acknowledged by Counsel that Lashasha Johnson is anticipated to be found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of § 3142 and is awaiting imposition of sentence. Ms. Johnson should be detained unless the "judicial officer finds by clear and convincing evidence that the person is **<u>not likely to flee or pose a danger to any other person in the community</u>**." *See*, 18 U.S.C. § 3143(a)(2)(B).

Ms. Johnson is 28 years of age and was born in Lawton, Oklahoma. After being released pursuant to a bond in this case on October 18, 2024, Defendant has lived in Lawton, Oklahoma, her hometown, where she grew up and graduated from Eisenhower High School. Ms. Johnson has resided in Lawton for the majority of her life. She does not own a passport, nor has she ever traveled outside the United States.

Defendant lives alone in her apartment located at 4741 Northwest Montif Manor Boulevard, Apartment 306, Lawton, Oklahoma 73505. Ms. Johnson works five days a week for Merry Maids in Lawton, Oklahoma, and is a full-time employee.

Prior to Ms. Johnson being granted release and a bond being put in place on October 18, 2024, a Pretrial Risk Assessment Instrument ("PTRA"), which is a report given at the time of the initial appearance of the Defendant concerning whether, and on what conditions, to release the Defendant. The analysis utilized a pretrial risk assessment tool. Pretrial Services may rely on an interview of the Defendant to generate a PTRA score for use at the bail and detention hearing. This tool places the Defendant in one of five (5) risk categories (1–5), based on analysis of historical data meant to link particular characteristics to failure or success on pretrial release. See Timothy P. Cadigan, James L. Johnson, et al., *The Re-Validation of the Federal Pretrial Services Risk Assessment* (PTRA), 76 Federal Probation 3 (Sept. 2012), at 3-9, 56. Ms. Johnson's PTRA score was three, the middle of the ranking. Her failure-to-appear risk was five percent (5%). The risk for a new criminal matter was five percent (5%). The risk of revocation for technical violations was ten percent (10%). The total failure rate was established at nineteen percent (19%). In essence,

Ms. Johnson was deemed, pursuant to the test, to have an eighty-one percent (81%) predictive success rate.

The significant change, in counsel's mind, that has taken place in Ms. Johnson's life is the rehabilitation that she has gone through and her continued employment and drug-free life. There were approximately 48 UA's administered to Lashasha Johnson and she had 48 negative tests.

Since she has been under the supervision of the United States Probation Office for the Western District of Oklahoma, she has had no failed drug tests and no contact with local, state, or federal law enforcement. It is noted that, on the notice the Court received, she missed one drug test on the date she was supposed to take it, June 23, 2026. Strikingly, a subsequent test was submitted the very next day, on June 24, 2026, and she tested negative. In total, for nearly two years, she has had no failed drug tests.

While Lashasha Johnson has been charged with a crime, she certainly provides a roadmap to the changes that have taken place in her life:

• She works for Merry Maids of Lawton, Oklahoma, five days a week, full-time, for a forty-hour workweek, eight hours a day. She has never missed a day of work. Her work is custodial, and she is responsible for cleaning houses throughout the City of Lawton.

• Since being granted a bond, she has been subject to random UAs. She has never failed a UA test to date. That is for approximately two solid years.

• Lashasha Johnson has had no contact with local, state, or federal law enforcement during her period of release

• Ms. Johnson has good communication with her mother. She has no children and has never been married.

Finally, Ms. Johnson would like the additional time between the date of her plea of guilty and the date of sentencing, which is estimated to be approximately two to four months, to continue to show her successful improvement and to provide an image to the Court where the Court will see that there is hope for this human being in the future.

The additional time is the best evidence for Ms. Johnson to prove herself as a worthwhile human being within this society who cares about her family and is a productive citizen, paying taxes as well as being fully employed. This is not an unusual concept. There are many federal cases that deal with conduct between the date of the plea and the date of sentencing which demonstrate that the human being who is going to be sentenced should be given credit for the improvement to his or her life from the date of the plea up to the date of sentencing. The opportunity to adjust her life was not solely her own doing, but was initiated through the help of the United States Probation Office.

Counsel for Ms. Johnson would argue that there is "clear and convincing evidence" that Ms. Johnson is **not likely to flee, nor does she pose a danger to any other person or the community.** It is noted that since her release, she has not had any contact with local, city, federal, or state law enforcement. The facts set out herein and above clearly demonstrate that the clear and convincing evidentiary standard has been met as it relates to Lashasha Johnson.

WHEREFORE, premises considered, after hearing and presentation of evidence, Defendant Lashasha Johnson prays this Court will grant release pending sentencing to enable her to get her estate somewhat in order, provide support to her mother, and demonstrate her value to society prior to her being sent to a penitentiary. This Court has released other co-defendants and allowed them to remain on bond until sentencing and should do so in this case. Ms. Johnson's release would also make it easier to assist counsel in the creation of a sentencing memorandum specifically for her that will be presented to the Court, and her not being in detention pending sentencing will make that a much more efficient task.

Respectfully submitted,

/s/ Henry A. Meyer, III
Henry A. Meyer, III, OBA #6163
KRAHL GOERKE MEYER & BEHENNA, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
Telephone: 405-930-4300
Facsimile: 405-835-6616
Email: hank@lawfirmokc.com
*Attorney for Lashasha Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ Henry A. Meyer, III
Henry A. Meyer, III