**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 24-436-G-7 |
| | ) | |
| SERRICA GOLDSBY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**
**AND REQUEST FOR A DOWNWARD VARIANCE**

Defendant, Serrica Goldsby, submits the following as her sentencing memorandum and request for a downward variance from whatever advisory guideline range the Court determines to apply. By previous order of the Court, Defendant was given until September 25, 2026 to file her sentencing memorandum.

**1. Sentencing overview**

The sentence imposed by the Court in consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) should be "sufficient but not greater than necessary to fulfill the purposes of sentencing." 18 U.S.C. § 3553(a)(2). *See Kimbrough v. United States,* 552 U.S. 85, 101 (2007). The overarching directive of the statute is to impose the lowest sentence that will satisfy the statutory purposes of punishment.

**2. 18 U.S.C. § 3553(a) factors**

**a. The nature and circumstances of the offense – § 3553(a)(1)**

On March 23, 2026, Ms. Goldsby pleaded guilty to a one count superseding information charging conspiracy to distribute and to possess with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Defendant was originally charged with conspiracy involving the distribution and possession with intent to distribute 400 grams or more of fentanyl and 500 grams or more of methamphetamine. (Final PSR ¶¶ 1-3) Fifteen other defendants have been charged in the overall case. (Final PSR ¶¶ 10, 27-30)

For all the record shows, Ms. Goldsby, on one occasion, acted as a "mule" for the drug organization led by prison inmate Marielle Smith. On September 16, 2023, law enforcement in Arizona conducted a traffic stop on an automobile driven by Defendant. Co-defendant Shacronic Batise was a passenger. Batise rented the car on September 14, 2023. Law enforcement conducted a dog sniff of the car. The canine gave a positive alert for the presence of drugs. A suitcase in the trunk of the vehicle was searched. It was discovered the suitcase contained 174,993 fentanyl pills weighing 18.38 kilograms A small quantity of methamphetamine was also found, as was a firearm for which Defendant claimed ownership. (Final PSR ¶¶ 31-32)

The government objected to part of ¶ 31, wherein the Probation Office states the "street value" of the fentanyl pills seized during the search of the vehicle was around $4 million. The government states this figure is "significantly inflated." In its response to this objection, the Probation Office maintained its position on the dollar value of the

drugs, because this information came from Arizona law enforcement. (Final PSR ¶¶ 31-32, Final PSR p. 24) Defendant asks that this objection be sustained.

In addition to being charged in the Western District, Ms. Goldsby was also charged in Arizona state court with an offense or offenses arising out of the same facts. She pleaded guilty to the state charge and received a sentence of four years probation. (Final PSR ¶ 48)

**b. The history and characteristics of the Defendant**

Paragraphs 60-95 of the final presentence report detail Ms. Goldsby's personal and family history, as well as her mental and emotional health, her substance abuse history, her job and educational skills, and her employment record. Suffice it to say, Ms. Goldsby comes from a deprived and abusive background, and suffers from mental health issues.

**c. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to provide deterrence to criminal conduct; to protect the public from criminal conduct by the defendant, and to provide the defendant with needed correctional or vocational training, medical treatment, or othe3r correctional treatment in the most effective manner – §3553(a)(2)-(A)-(D).**

A sentence of 60 months or less would satisfy these sentencing considerations. Defendant was a low level mule who transported drugs on one occasion, so far as the evidence reveals. There is no indication that she was personally aware of the quantity of drugs being transported. Ms. Goldsby has no prior felony or misdemeanor convictions. S She is a ,mother of small children who has been steadily employed. She has suffered from significant mental health issues, and is receiving treatment. Defendant was

repeatedly abused by her estranged husband. Although her period of pretrial release has not been perfect, she has been largely compliant over the last approximately two years, Ms. Goldsby was a small fry in this drug operation. She is not a danger to the community, and is at a low risk to re-offend. The offense of conviction is no doubt serious, but, based on all the facts, a sentence far below the advisory guideline range, which Defendant contests in any event, would be appropriate for this particulate defendant.

**The statutory punishment range section 3553(a)(3)**

The offense of conviction carries a statutory punishment range of 5-40 years. 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). (Final PSR ¶ 101)

**e. The advisory guideline range – § 3553(a)(4)**

According to the Probation Office, the total offense level under the advisory guidelines is 35. Ms. Goldsby is in criminal history category I. Although she has previous contacts with law enforcement, Defendant has no record of previous felony or misdemeanor convictions. (Final PSR ¶¶ 49-50, 53-58) This all equates to an advisory guideline range for imprisonment of 168-210 months. The total offense level identified by the Probation Office is derived from the following calculations: Base offense level of 36 due to the quantity of fentanyl involved; a 2-level increase for possession of a dangerous weapon (a firearm) in aid of the offense; and a 3-level reduction for acceptance of responsibility. (Final PSR ¶¶ 37-46)

Defendant objected to various aspects of the Probation Office's sentencing calculation. Much like the old, discredited crack cocaine guidelines, the fentanyl guidelines are overly harsh and defy *Kimbrough's* edict that a sentence should be sufficient, but not greater than necessary, to fulfill the statutory purpose of sentencing. (Final PSR p. 26) Notwithstanding the ongoing panic that has surrounded fentanyl, the recent trend, of several years duration, is that drug overdose deaths, including fentanyl-induced deaths, are declining significantly. *See* CDC, *Provisional Drug Overdose Death Counts* (surveys overdose deaths from a variety of drugs, including fentanyl); *CDC Reports Nearly 24% Decline in U.S. Drug Overdose Deaths,* CDC Newsroom (Feb. 25 2025)(reflecting the decline in projected deaths from September 2023 and September 2024, with a continuing decline through November 2024 according to the then-latest CDC data)(report available on the CDC website); Brian Mann, *Deadliest phase of fentanyl crisis eases, as all states see recovery,* and *Reporter's Notebook: 8 theories why fentanyl deaths are plummeting* NPR (Mar. 10 and Mar. 25, 2025); Jan Hoffman and Noah Weiland, *What's Behind the Remarkable Drop in U.S. Overdose Deaths*, N.Y. Times (November 21, 2024)..

Notwithstanding the position of the Probation Office and the plea agreement, it is clear that Ms. Goldsby was a minor or minimal participant in the overall drug conspiracy. As noted in the objections to the presentence report, the government apparently does not object to designating Ms. Goldsby as a minor participant. (Final PSR, pp. 25-26) The

firearm enhancement is problematic, because there is no evidence that legal possession of a firearm was done in conjunction with or in furtherance of Defendant's participation in the drug conspiracy. Ms. Goldsby should be designated as a zero point offender. There are also grounds, which will be expanded on at sentencing, that she is eligible for a sentence below the statutory minimum. (Final PSR, pp. 27-29)

**f. Pertinent policy statements of the Sentencing Commission – § 3553(a)(5)**

No policy statements appear to be particularly relevant. Counsel would note, however, that the trend has been to reduced sentences in drug cases.

**g. The need to avoid unwarranted sentencing disparities**

As of this date, several co-defendants have been sentenced. Lanadia Lewis, who was charged in a 0-20 years conspiracy,. was sentenced to 60 months. (Doc. 677) Shelby Moses, who pleaded guilyt to a -5-40 conspriacy, , received a sentence of 60 months. (Doc. 749) Joseph Zdyb, who pleaded to a 0-20 c onspriacy count,. was sentenced to 18 months. (Doc 757). The other co-defendants have yet to be sentenced.. At least two are going to trial.

Ms. Goldsby's case is similar to those who have received, at most, 60 month sentences.. She acted as a drug mule on one occasion. There is no evidence that she even knew the quantity of drugs that were being transported to Arizona.

**h. The need to provide restitution to the victims**

Restitution is not a factor in this case.

**4. Request for a downward departure or downward variance**

In her objections and comments to the presentence report, Defendant advanced several reasons that her sentence should be far below the advisory guideline range suggested by the Probation Office. These arguments will not be repeated here. The Probation Office also suggests that a sentence below the advisory guideline range that it calculated may be appropriate. (Final PSR pp. 29-30)

Respectfully submitted,

/s/ David Autry
David Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

Lawyer for Defendant,
Serrica Goldsby

**Certificate of Electronic Filing and Service**

This is to certify that on this 25th day of September 2026, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Stephen Hoch, AUSA. By previous order of the Court, this sentencing memorandum is being filed under seal.

/s/ David Autry