# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MARIELLE TRAMANIE SMITH, et al.**

**Defendant.**

**Case No. CR-24-436-G**

## MOTION TO UNSEAL THE SEALED PORTIONS OF SENTENCING AND PLEA HEARINGS FOR CO-DEFENDANTS AND ALLEGED CO-CONSPIRATORS

Marielle Tramanie Smith, by and through undersigned counsel, moves to unseal the sealed portions of sentencing and change of plea hearings for the purpose of disclosure and production to defense counsel. In support of this motion, counsel states the following:

On November 5, 2026, the Court held a motions hearing and considered the Defendant's Unopposed Motion to Unseal Sealed Portions of the Sentencing Hearing Concerning Prosecution Witness F.M. (Doc. No. 752). Undersigned counsel referenced additional proceedings upon which the parties sought to unseal,

and the Court directed the parties to file motions seeking additional unsealing requests. On November 13, 2026, the Court entered an order granting Defendant's Unopposed Motion to Unseal. (Doc. No. 837). The defense seeks the same relief in relation to any other sealed portions of sentencing and plea hearings for any co-defendant or alleged co-conspirator[1] in this case.

Undersigned counsel conferred with counsel for the government, who objects in-part to the instant request. While counsel for the government agrees that the sealed portions of hearings involving *testifying* witnesses should be unsealed for disclosure and production to undersigned counsel,[2] the government objects to unsealing portions of hearings involving "*non-testifying* witnesses." They insist that this information is not discoverable because these individuals are not testifying for the government. Yet such considerations have no bearing on the Court's decision to seal judicial proceedings.

A historical, *unconditional* presumption favoring public access to judicial records has long been recognized by our judiciary:

---

[1] As instructed at the November 5, 2026, hearing, undersigned counsel has composed a concise list of applicable co-conspirators not indicted in this case. Therefore, in addition to the fifteen (15) co-defendants in this case, Mr. Smith merely seeks the unsealing of any sealed sentencing and/or plea proceedings applicable to nine (9) unindicted, alleged co-conspirators, including F.M., S.L., I.A., D.H., A.M., M.J., L.P., L.B. and N.K. (*See, e.g.,* Doc. Nos. 752 and 837).

[2] Based on communications with the government's counsel, undersigned counsel anticipates a motion to be filed by the government seeking the further unsealing of hearing records concerning witnesses who plan to testify for the government.

> It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. … American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit.

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This "strong presumption in favor of public access" can only be overcome "where countervailing interests heavily outweigh the public interests in access to the judicial records." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks omitted). Thus, a "district court, in exercising its discretion [to seal or unseal judicial records], must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (internal quotation marks omitted) (alterations in original). And "sealing is only appropriate if the district court makes 'specific, on the record findings demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997) (quoting *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 13 (1986)).

Here, no "countervailing interest" has been identified to justify the sealing of any portion of any sentencing or plea hearing at issue, nor has such an interest been specified by the government. Undersigned counsel can only guess that "concerns for witness safety" remains a basis for the government's position that the full extent of

these proceedings should remain undisclosed to the defense. (*See* Doc Nos. 649 at 3–4; 793 at 7). But this Court has already found this position unavailing because "[t]he identities of these persons and the fact that they provided proffers are already known to the Defendant. Moreover, their accounts of the actions of Defendant and alleged coconspirators present a sufficient probability of relevance as to outweigh the recognizably high need for confidentiality." (*See* Doc. No. 793 at 7).

There is no justification for this information remaining unavailable to undersigned counsel. Accordingly, the defense respectfully moves for the sealed portions of any sentencing or plea hearing applicable in this case (*see generally* Doc. Nos. 376, 382, 440, 459, 465, 471, 477, 483, 490, 515, 521, 527, 533, 667, 747, 748, 749, 775; *see also USA v. F.M.*, 5:23[redacted]-G, Doc. No. 34)[3] to be unsealed for the purpose of disclosing and producing to undersigned counsel.

Dated: This 16th day of November, 2026.

---

[3] Counsel has requested transcripts of the hearings cited, the majority of which are yet to be produced. Transcript productions thus far confirm that several proceedings contain sealed portions inaccessible to undersigned counsel, including: (1) Shacronic Batise's 3/4/2026 Waive and File Hearing (*see* Doc. No. 816), (2) Lanadia Lewis' 7/9/2026 Sentencing Hearing (*see* Doc. No. 803), (3) Leah Melrose's 10/1/2026 Sentencing Hearing (*see* Doc. No. 802), and (4) F.M.'s 2/16/24 Waive and File Hearing (*see USA v. F.M.*, 5:23[redacted]-G, Doc. No. 34). Undersigned counsel cannot be certain of the full scope of sealed sentencing and plea proceedings until all the requested transcripts have been produced.

Respectfully submitted,

*/s/ Kelyn J. Smith*

Kelyn J. Smith, IL Bar No. 6333376
*Admitted Pro Hac Vice*
Federal Defender Program, Inc. (N.D. Ga.)
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, GA 30303
Phone: (404) 688-7530
Fax: (404) 688-0768
Kelyn_Smith@FD.org

Josh D. Moore, GA Bar No. 520028
*Admitted Pro Hac Vice*
Federal Defender Program, Inc. (N.D. Ga.)
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, GA 30303
Phone: (404) 688-7530
Fax: (404) 688-0768
Josh_Moore@FD.org

J. Wesley Bryant, GA Bar No. 091621
*Admitted Pro Hac Vice*
Federal Defender Program, Inc. (N.D. Ga.)
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, GA 30303
Phone: (404) 688-7530
Fax: (404) 688-0768
Wes_Bryant@FD.org