**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-436-G** |
| | ) | |
| **MARIELLE SMITH, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL CONSOLIDATED MOTION AND BRIEF TO COMPEL DISCLOSURE**

The United States respectfully submits this response to Defendant Marielle Smith's Motion and Brief to Compel Disclosure of Evidence. (Doc. 843.) For the reasons stated herein, the motion should be denied.

**Argument**

The Court is well-versed in the factual and procedural background, including discovery disputes, related to this matter. By his latest motion, Defendant has identified additional categories of discovery—many of which implicate issues the Court has previously addressed—which he alleges remain in dispute.

As a preliminary matter, and as detailed in Defendant's motion, the government has provided a full and complete response to the requests within categories (1)−(3), which were previously communicated in a letter dated

November 10, 2026, from Defendant. Apparently unsatisfied with the government's response, Defendant now seeks Court intervention regarding the categories described within both his letter and motion.

In his first request, Defendant seeks "formal disclosure of any instances where [certain individuals] were unable to make a positive identification of an alleged participant in the 'Smith DTO' when requested or prompted to do so by DEA agents Spratt or Epp. . . ." (Doc. 843 at 2.) Although Defendant alleges that the government provided an "evasive answer," the government is unsure how better to articulate its response, which is that DEA agents Spratt and Epp did not contemporaneously document instances in which certain individuals "were unable to make a positive identification of an alleged participant in the 'Smith DTO' when requested or prompted to do so." (Doc. 843 at 2.) As a result, the government has no responsive documentation, whether it be in the form of reports, or handwritten notes, from the agents. The government has specifically inquired as to whether either agent can affirmatively and conclusively recall from memory any specific instances contemplated by Defendant's request. The agents have stated that they cannot, with certainty, specifically recall instances which are responsive to Defendant's request (aside from the instance identified on October 30, 2026,) and, for obvious reasons, cannot speculate as to the same.

Turning to the second and third requests, the government is similarly unsure as to the information which Defendant is seeking beyond what has been provided—and reiterated in at least two other prior filed responses—to this point. (*See* Docs. 649, 774.) The government provided responsive information to the requests as detailed in the motion, to include references to any conversations occurring with attorneys representing certain testifying witnesses. While the government has acknowledged the possibility of requests for a § 5K or sentence reduction to these attorneys in the event a witness provides truthful testimony, the government has continually reiterated that no promises can be made to that effect. And, to be clear, none of the testifying witnesses *themselves* have made any requests for benefit to the government or law enforcement, so the government has no responsive information to provide.

As the government has previously conceded, it readily assumes that *each* of the various cooperating witnesses in this matter theoretically hope to receive a benefit in the form of leniency at sentencing or a sentence reduction in the event they truthfully testify at trial. That said, the government has not made theoretical predictions or assurances as to the benefits these witnesses will ultimately receive because it is in no position to do so, as it is not responsible for imposing the sentence. As stated in other filings, the full and complete agreements between the government and any cooperating witnesses are

memorialized within the corresponding plea documents, all of which have been disclosed.

Because the government has furnished a complete response to the requests described in subcategories (1) through (3), the motion should be denied as moot as to each category.

As to the fourth request regarding "cooperation memorandums" submitted on behalf of non-testifying co-conspirators who have already been sentenced, Defendant makes no effort to explain how the *U.S. Attorney's Office's* summary of the information provided by *non-testifying* co-conspirators—which is memorialized in reports that *have already been produced to Defendant*—is in any way material. Because Defendant has already been provided with the information which forms the basis for the content within the cooperation memorandums, the basis for Defendant's request remains unclear. The motion should be denied with respect to category (4).

## **Conclusion**

Because the government has furnished a complete response to the requests described in subcategories (1)–(3), the motion should be denied as moot as to each category. Because Defendant has made no showing of materiality and already been provided with the reports which form the basis for the contents within the cooperation memorandums, the motion should be denied as to subcategory (4).

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/ Stephen Hoch*
STEPHEN HOCH (OBA 35133)
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8736 (Office)
stephen.hoch@usdoj.gov